**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION**

**JANE DOE** **PLAINTIFF**

**VS.** **CAUSE NO:** 3:24-cv-165-DPJ-ASH

**IVANA WILLIAMS,**
**BRAD MCLENDON AND JOHN AND JANE DOES 1-30.** **DEFENDANTS**

# COMPLAINT
***Jury Trial Demanded***

COMES NOW, Plaintiff, by and through counsel, and files this Complaint against the Defendants and states the following:

## I. PARTIES

1. Plaintiff is an adult resident citizen of Rankin County, Mississippi.

2. Defendant Ivana Williams is an adult resident citizen of Brandon, Rankin County, Mississippi, residing at 123 Woodgate Drive where she may be served with process.

3. Defendant Brad McLendon is an adult resident citizen of Monticello, Lawrence County, Mississippi and may be served with process at 14 Main Street, Silver Creek, Mississippi or wherever he may be found.

4. John Does 1-30 are fictitious persons that may be liable to the Plaintiff for the acts described herein.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under 15 U.S.C. § 6851. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims because those

claims arise out of the same nucleus of operative fact as the federal-question claim and form part of the same transaction and occurrence.

6. This Court has personal jurisdiction over the Defendants because they are citizens of Mississippi and because Plaintiff's claims arise from Defendants' contact with the forum state.

7. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Defendants committed the complained-of acts and where Defendants reside.

## III. FACTS

8. Plaintiff went to dinner with the Williams in November 2022. The two were friends and business colleagues prior to this dinner. Plaintiff had several drinks at dinner and became intoxicated. The two went back to Ivana Williams' home where Plaintiff has some recollection of the events.

9. Plaintiff became aware a sexual encounter took place. She could not recall everything that happened. Plaintiff had never been with a female before nor had any interest in being with a female. No other sexual activity took place with Williams before or after this one night.

10. Noticing a phone in William's hand, that night, Plaintiff asked Williams the following morning if she recorded anything that took place. Williams replied she did indeed record sex between the two of them. Plaintiff told her to delete the video. Williams, falsely, told Plaintiff she had nothing to worry about as her face was not in the video.

11. The reassurances meant little as Williams said she was not going to delete the video but would instead keep in the "vault" on her phone. Plaintiff again told Williams that Plaintiff

would feel better if the video was deleted. Plaintiff asked Williams to delete the video, but she refused to do so.

12. Plaintiff discovered Williams did not delete the video on or about May 3, 2023.

13. At this time, Williams casually mentioned the wife, of her boyfriend Brad McLendon, that found the video in her husband's email and watched it.

14. Horrified, she asked Williams "what video?" Williams said she sent McLendon the video and that contrary to her earlier claim, it indeed included Plaintiff's face in said video.

15. Plaintiff listened in a state of shock as she realized video of the non-consensual sex was being passed around the Mississippi Highway Patrol where both Defendants worked at the time.

16. Plaintiff thought the video was deleted. Unfortunately for Plaintiff, Williams admitted the married couple (McLendon and his then wife) recognized Plaintiff.

17. Williams admitted sending the video to another trooper as well as the Codefendant. The Codefendant McLendon distributed the video to an untold number of people without permission.

18. Plaintiff demanded Williams delete the video off her phone.

19. Plaintiff repeated her demands the next day but was ignored. Williams said the video had not gone past the two troopers who received her emails. Plaintiff told Williams she felt violated, and that Williams broke her trust just so she could "sexually entertain her boyfriend."

20. There was no more contact between the two, but Williams was allegedly not done with her now-former friend as the alleged voyeurism turned into revenge porn.

21. Plaintiff is divorced children. Her ex-husband asked her about a "sex tape" a month later when during a child exchange. The ex-husband named Williams and said, "everyone was

talking about it." Shamed by Williams's alleged distribution of the sex tape, Plaintiff rarely leaves the home or socializes in her area.

22. Plaintiff's life has completely changed because of the selfish actions of the Defendants. After receiving the video of Plaintiff, McLendon distributed the video to many people.

## IV. CAUSES OF ACTION

### COUNT ONE Violation of 15 U.S.C. § 6851(b) (Civil Action relating to disclosure of intimate images/video)

23. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

24. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, constitutes "commercial pornographic content" and/or an "intimate visual depiction" as defined by 15 U.S.C. § 6851(a)(1) & (5).

25. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, was obtained, and transmitted without Doe's knowledge or consent, and the photograph/video was procured by fraudulent concealment.

26. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, included Doe as a "depicted individual" as defined by 15 U.S.C. § 6851(a)(3). Doe's likeness and distinguishing characteristics were recognizable in the photograph/video, and Williams and McLendon transmitted it to recipients who knew the photograph/video depicted Doe.

27. Williams obtained and transmitted the photograph/video of Doe knowing she had not given consent or with reckless disregard as to Doe's lack of consent.

28. Pursuant to 15 U.S.C. § 6851(b)(1)(A) & (b)(3)(A)(i), Doe is entitled to recover from Williams and McLendon, the greater of: (1) her actual damages; or (2) statutory liquidated damages of $150,000. In addition, Doe is entitled to recover from Williams and McLendon her costs of this action and a reasonable attorney's fee.

29. Pursuant to 15 U.S.C. § 6851(b)(1)(A) & (b)(3)(A)(ii), Doe is entitled to injunctive relief, which should require Williams and McLendon to: (1) destroy the photograph/video and all copies of it; and (2) refrain from transmitting or using the photograph.

**COUNT TWO Intentional Infliction of Emotional Distress**

30. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Defendants' acts were willful and intentional, or it was committed with reckless disregard for and/or deliberate indifference to Doe.

32. Defendants intended for their act to cause Doe to suffer extreme emotional distress, or they should have reasonably foreseen that their acts would cause Doe to suffer extreme emotional distress.

33. Defendants' acts were the proximate and legal cause of Doe's extreme emotional distress, and it evokes outrage in civilized society.

34. Accordingly, Doe is entitled to recover from Defendants, compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

**COUNT THREE Invasion of Privacy**

35. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36. Doe had a reasonable expectation of privacy in performing the intimate act described above.

37. Defendants' interference with Doe's expectation of privacy (i.e., her seclusion) is highly offensive to an ordinary, reasonable person, as the result of conduct to which a reasonable person would strongly object.

38. Defendants acted in bad faith and/or with utter recklessness in photographing—and then disseminating—Doe's performance of an intimate, sexual act.

39. Accordingly, Doe is entitled to recover from Defendants compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

**COUNT FOUR Defamation**

40. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Defendants published verbal statements defaming Plaintiff.

42. Defendants knew that the statements were false and defaming to Plaintiff.

43. Defendants showed reckless disregard for the truth of the statements and were negligent in failing to ascertain the truth of the statements.

44. As a result, of these actions, Plaintiff has been damaged.

**COUNT FIVE Negligent Infliction of Emotional Distress**

45. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

46. Defendants' acts have negligently inflicted emotional distress upon Plaintiff.

47. It is reasonably foreseeable that the acts of Defendants have and did cause the Plaintiff emotional distress.

48. The Plaintiff has been damaged, and all Defendants are liable to the Plaintiff for damages.

**FOURTH COUNT Civil Battery**

49. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

50. Defendant Williams took advantage of Doe's intoxicated state by committing unlawful touching with the sold intent to video Jane Doe and distribute the sex act to Co-Defendant.

51. As a result of the unlawful touching, Defendant Williams has committed battery to Plaintiff and caused personal injury and damages.

**FIFTH COUNT Civil Assault**

52. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Defendant Williams placed Jane Doe in fear due to the actions of Williams offensive and unlawful touching with intent.

54. As a result of the imminent fear of the unlawful touching, Defendant Williams has committed assault of the Jane Doe Plaintiff and caused her personal injury and damages.

**SIXTH COUNT**

**Negligence per se- Invasion of Privacy Miss. Code Ann. § 97-29-63**

(1) Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room or bedroom shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than five (5) years in the custody of the Department of Corrections, or both.

(2) Where the person who is secretly photographed, filmed, videotaped or otherwise reproduced is a child under sixteen (16) years of age, a person who violates subsection (1) of this section shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than ten (10) years in the custody of the Department of Corrections, or both.

55. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

56. By making and producing video of Jane Doe Plaintiff without her consent in a private residence, Williams violated this Mississippi Code section.

57. Williams is negligent per se and proximately caused damages to Jane Does Plaintiff.

**SEVENTH COUNT Civil Conspiracy**

58. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

59. The Defendants made an agreement with each other to keep, distribute, and transfer the video of Plaintiff to others.

60. The tortious and unlawful act was committed against the Plaintiffs in furtherance of the agreement.

61. The Plaintiff suffered damage as a result of the conspiracy between Williams and McLendon.

**EIGHTH COUNT GROSS NEGLIGENCE**

62. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

63. The actions of Defendants, as described herein, demonstrate a wanton and reckless disregard for the rights of Plaintiff.

64. Defendants' actions were so reckless as to warrant the award of punitive damages.

65. Defendants are liable for all negligent acts and omission committed, as such acts were the direct, immediate, and proximate result of Plaintiff' injuries.

66. As a direct and proximate result of the gross negligence by Defendants, Plaintiff has sustained damages to be proven at a trial of this matter.

67. Defendants' actions entitle Plaintiff to punitive damages.

**NINTH COUNT Fraudulent Concealment**

68. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

69. Fraudulent concealment requires that the Plaintiff establish (1) some affirmative act or conduct that prevented discovery of a claim, and (2) that due diligence was performed on the Plaintiffs' part to discover it.

70. Defendants made material representations to Plaintiff that her face was not in this video and it was not distributed.

71. The representation made by these Defendants were intentionally or negligently false and these Defendants had actual knowledge that the representations were false.

72. These Defendants made these material, false representations to Plaintiff with the intent that Plaintiff rely on these representations and be assured the video did not contain her face nor was it distributed. This was indeed false.

73. Plaintiff was unaware / ignorant as to the falsity of the representations made by these Defendants.

74. Plaintiff relied on the false representation made to her.

75. Plaintiffs' reliance on these Defendants' false representations has caused her to suffer damages.

**RELIEF SOUGHT**

**DAMAGES**

76. Plaintiff has suffered and continues to suffer extreme and permanent emotional distress with physical manifestations, lifelong loss of income earning capacity loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for judgment of, from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates Plaintiff, including all costs incurred, including damages, and any prejudgment or post-judgment interest of not more than $11,000,000.00. Plaintiff further prays for any other general relief to which she may be entitled.

Respectfully Submitted,

Toby Gammill MSB #100367
229 Katherine Drive
Flowood, MS 39232
601-988-0000
toby@gammill-law.com
*Attorney for Plaintiff*