**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION**

**JANE DOE** **PLAINTIFF**

**V.** **CAUSE No. 3:24-CV-165-DPJ-ASH**

**IVANA WILLIAMS, BRAD MCLENDON AND JOHN AND JANE DOES 1-30** **DEFENDANTS**

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Ivana Williams, and files this Answer to Plaintiff's Complaint filed against Ivana Williams, in support thereof would state as follows:

## I. PARTIES

1. Plaintiff is an adult resident citizen of Rankin County, Mississippi.

**Admits upon information and belief.**

2. Defendant Ivana Williams is an adult resident citizen of Brandon, Rankin County, Mississippi, residing at 123 Woodgate Drive where she may be served with process.

**Answer: Admits.**

3. Defendant Brad McLendon is an adult resident citizen of Monticello, Lawrence County, Mississippi and may be served with process at 14 Main Street, Silver Creek, Mississippi.

**Answer: Admits as to belief.**

4. John Does 1-30 are fictitious persons that may be liable to the Plaintiff for the acts described herein.

**Answer: Denied.**

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 because this action involves a federal question arising under 15 U.S.C. § 6851. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims because those claims arise out of the same nucleus of operative fact as the federal-question claim and form part of the same transaction and occurrence.

**Answer: Denied.**

6. This Court has personal jurisdiction over the Defendants because they are citizens of Mississippi and because Plaintiffs claims arise from Defendants' contact with the forum state.

**Answer: Denied.**

7. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Defendants committed the complained-of acts and where Defendants reside.

**Answer: Denied.**

## III. FACTS

8. Plaintiff went to dinner with the Williams in November 2022. The two were friends and business colleagues prior to this dinner. Plaintiff had several drinks at dinner and became intoxicated. The two went back to Ivana Williams' home where Plaintiff has some recollection of the events.

**Answer: Denied.**

9. Plaintiff became aware a sexual encounter took place. She could not recall everything that happened. Plaintiff had never been with a female before nor had any interest in being with a female. No other sexual activity took place with Williams before or after this one night.

**Answer: Denied.**

10. Noticing a phone in William's hand, that night, Plaintiff asked Williams the following morning if she recorded anything that took place. Williams replied she did indeed record sex between the two of them. Plaintiff told her to delete the video. Williams, falsely, told Plaintiff she had nothing to worry about as her face was not in the video.

**Answer: Denied.**

11. The reassurances meant little as Williams said she was not going to delete the video but would instead keep in the "vault" on her phone. Plaintiff again told Williams that Plaintiff would feel better if the video was deleted. Plaintiff asked Williams to delete the video, but she refused to do so.

**Answer: Denied.**

12. Plaintiff discovered Williams did not delete the video on or about May 3, 2023.

**Answer: Denied.**

13. At this time, Williams casually mentioned the wife, of her boyfriend Brad McLendon, that found the video in her husband's email and watched it.

**Answer: Denied.**

14. Horrified, she asked Williams "what video?" Williams said she sent McLendon the video and that contrary to her earlier claim, it indeed included Plaintiffs face in said video.

**Answer: Denied.**

15. Plaintiff listened in a state of shock as she realized video of the non-consensual sex was being passed around the Mississippi Highway Patrol where both

Defendants worked at the time.

**Answer: Denied.**

16. Plaintiff thought the video was deleted. Unfortunately for Plaintiff, Williams admitted the married couple (McLendon and his then wife) recognized Plaintiff.

**Answer: Denied.**

17. Williams admitted sending the video to another trooper as well as the Codefendant. The Codefendant McLendon distributed the video to an untold number of people without permission.

**Answer: Denied.**

18. Plaintiff demanded Williams delete the video off her phone.

**Answer: Denied.**

19. Plaintiff repeated her demands the next day but was ignored. Williams said the video had not gone past the two troopers who received her emails. Plaintiff told Williams she felt violated, and that Williams broke her trust just so she could "sexually entertain her boyfriend."

**Answer: Denied.**

20. There was no more contact between the two, but Williams was allegedly not done with her now-former friend as the alleged voyeurism turned into revenge porn.

**Answer: Denied.**

21. Plaintiff is divorced children. Her ex-husband asked her about a "sex tape" a month later when during a child exchange. The ex-husband named Williams and said, "everyone was talking about it." Shamed by Williams's alleged distribution of the sex tape, Plaintiff rarely leaves the home or socializes in her area.

**Answer: Denied.**

22. Plaintiff's life has completely changed because of the selfish actions of the Defendants. After receiving the video of Plaintiff, McLendon distributed the video to many people.

**Answer: Denied.**

## IV. CAUSES OF ACTION

### COUNT ONE Violation of 1S U.S.C. § 6851(b)
### (Civil Action relating to disclosure of intimate images/video)

23. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

24. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, constitutes "commercial pornographic content" and/or an "intimate visual depiction" as defined by 15 U.S.C. § 6851(a)(l) & (5).

**Answer: Denied.**

25. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, was obtained, and transmitted without Doe's knowledge or consent, and the photograph/video was procured by fraudulent concealment.

**Answer: Denied.**

26. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, included Doe as a "depicted individual" as defined by 15 U.S.C. § 6851(a)(3). Doe's likeness and distinguishing characteristics were recognizable in the photograph/video, and Williams and McLendon transmitted it to recipients who knew the photograph/video depicted Doe.

**Answer: Denied.**

27. Williams obtained and transmitted the photograph/video of Doe knowing she had not given consent or with reckless disregard as to Doe's lack of consent.

**Answer: Denied.**

28. Pursuant to 15 U.S.C. § 6851(b)(l)(A) & (b)(3)(A)(i), Doe is entitled to recover from Williams and McLendon, the greater of: (1) her actual damages; or (2) statutory liquidated damages of $150,000. In addition, Doe is entitled to recover from Williams and McLendon her costs of this action and a reasonable attorney's fee.

**Answer: Denied.**

29. Pursuant to 15 U.S.C. § 6851(b)(l)(A) & (b)(3)(A)(ii), Doe is entitled to injunctive relief, which should require Williams and McLendon to: (1) destroy the photograph/video and all copies of it; and (2) refrain from transmitting or using the photograph.

**Answer: Denied.**

**COUNT TWO Intentional Infliction of Emotional Distress**

30. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

31. Defendants' acts were willful and intentional, or it was committed with reckless disregard for and/or deliberate indifference to Doe.

**Answer: Denied.**

32. Defendants intended for their act to cause Doe to suffer extreme emotional distress, or they should have reasonably foreseen that their acts would cause Doe to suffer extreme emotional distress.

**Answer: Denied.**

33. Defendants' acts were the proximate and legal cause of Doe's extreme emotional distress, and it evokes outrage in civilized society.

**Answer: Denied.**

34. Accordingly, Doe is entitled to recover from Defendants, compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

**Answer: Denied.**

**COUNT THREE Invasion of Privacy**

35. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

36. Doe had a reasonable expectation of privacy in performing the intimate act described above.

**Answer: Denied.**

37. Defendants' interference with Doe's expectation of privacy (i.e., her seclusion) is highly offensive to an ordinary, reasonable person, as the result of conduct to which a reasonable person would strongly object.

**Answer: Denied.**

38. Defendants acted in bad faith and/or with utter recklessness in photographing-and then disseminating-Doe's performance of an intimate, sexual act.

**Answer: Denied.**

39. Accordingly, Doe is entitled to recover from Defendants compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at

trial and a reasonable attorney's fee.

**Answer: Denied.**

## COUNT FOUR Defamation

40. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

41. Defendants published verbal statements defaming Plaintiff.

**Answer: Denied.**

42. Defendants knew that the statements were false and defaming to Plaintiff.

**Answer: Denied.**

43. Defendants showed reckless disregard for the truth of the statements and were negligent in failing to ascertain the truth of the statements.

**Answer: Denied.**

44. As a result, of these actions, Plaintiff has been damaged.

**Answer: Denied.**

## COUNT FIVE Negligent Infliction of Emotional Distress

45. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

46. Defendants' acts have negligently inflicted emotional distress upon Plaintiff.

**Answer: Denied.**

47. It is reasonably foreseeable that the acts of Defendants have and did cause the Plaintiff emotional distress.

**Answer: Denied.**

48. The Plaintiff has been damaged, and all Defendants are liable to the Plaintiff for damages.

**Answer: Denied.**

**FOURTH COUNT Civil Battery**

49. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

50. Defendant Williams took advantage of Doe's intoxicated state by committing unlawful touching with the sold intent to video Jane Doe and distribute the sex act to Co-Defendant.

**Answer: Denied.**

51. As a result of the unlawful touching, Defendant Williams has committed battery to Plaintiff and caused personal injury and damages.

**Answer: Denied.**

**FIFTH COUNT Civil Assault**

52. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

53. Defendant Williams placed Jane Doe in fear due to the actions of Williams offensive and unlawful touching with intent.

**Answer: Denied.**

54. As a result of the imminent fear of the unlawful touching, Defendant Williams

has committed assault of the Jane Doe Plaintiff and caused her personal injury and damages.

**Answer: Denied.**

## SIXTH COUNT

### Negligence per se- Invasion of Privacy Miss. Code Ann.§ 97-29-63

(1) Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room or bedroom shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than five (5) years in the custody of the Department of Corrections, or both.

(2) Where the person who is secretly photographed, filmed, videotaped or otherwise reproduced is a child under sixteen (16) years of age, a person who violates subsection (1) of this section shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than ten (10) years in the custody of the Department of Corrections, or both.

**Answer: Denied.**

55. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

56. By making and producing video of Jane Doe Plaintiff without her consent in a private residence, Williams violated this Mississippi Code section.

**Answer: Denied.**

57. Williams is negligent per se and proximately caused damages to Jane Does Plaintiff.

**Answer: Denied.**

## SEVENTH COUNT Civil Conspiracy

58. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

59. The Defendants made an agreement with each other to keep, distribute, and transfer the video of Plaintiff to others.

**Answer: Denied.**

60. The tortious and unlawful act was committed against the Plaintiffs in furtherance of the agreement.

**Answer: Denied.**

61. The Plaintiff suffered damage as a result of the conspiracy between Williams and McLendon.

**Answer: Denied.**

## EIGHTH COUNT GROSS NEGLIGENCE

62. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

63. The actions of Defendants, as described herein, demonstrate a wanton and reckless disregard for the rights of Plaintiff.

**Answer: Denied.**

64. Defendants' actions were so reckless as to warrant the award of punitive damages.

**Answer: Denied.**

65. Defendants are liable for all negligent acts and omission committed, as such acts

were the direct, immediate, and proximate result of Plaintiff' injuries.

**Answer: Denied.**

66. As a direct and proximate result of the gross negligence by Defendants, Plaintiff has sustained damages to be proven at a trial of this matter.

**Answer: Denied.**

67. Defendants' actions entitle Plaintiff to punitive damages.

**Answer: Denied.**

**NINTH COUNT Fraudulent Concealment**

68. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

**Answer: Denied.**

69. Fraudulent concealment requires that the Plaintiff establish (1) some affirmative act or conduct that prevented discovery of a claim, and (2) that due diligence was performed on the Plaintiffs' part to discover it.

**Answer: Denied.**

70. Defendants made material representations to Plaintiff that her face was not in this video and it was not distributed.

**Answer: Denied.**

71. The representation made by these Defendants were intentionally or negligently false and these Defendants had actual knowledge that the representations were false.

**Answer: Denied.**

72. These Defendants made these material, false representations to Plaintiff with the intent that Plaintiff rely on these representations and be assured the video did not contain her face

nor was it distributed. This was indeed false.

**Answer: Denied.**

73. Plaintiff was unaware / ignorant as to the falsity of the representations made by these Defendants.

**Answer: Denied.**

74. Plaintiff relied on the false representation made to her.

**Answer: Denied.**

75. Plaintiffs' reliance on these Defendants' false representations has caused her to suffer damages.

**Answer: Denied.**

## RELIEF SOUGHT

## DAMAGES

76. Plaintiff has suffered and continues to suffer extreme and permanent emotional distress with physical manifestations lifelong loss of income earning capacity loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter.

**Answer: Denied.**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for judgment of from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates Plaintiff, including all costs incurred, including damages and any prejudgment or post-judgment interest of not more than $11 000,000.00. Plaintiff further prays for any other general relief to which she may be entitled.

**Answer:** **Denied as to the entirety of the above commencing with "WHEREFORE…."**

## AFFIRMATIVE DEFENSES

AND NOW, having responded to the allegations set forth in the Plaintiff's complaint, this defendant would respectfully show unto the Court the following affirmative matters:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The complaint on its face fails to assert claims properly under federal statutory law necessary to confer upon this Court jurisdiction over the matters complained of therein.

### THIRD DEFENSE

The plaintiff's and/or her agent's own acts and/or omissions relating to the alleged facts complained of in her complaint constitute contributory or comparative negligence proximately causing any injury sustained by said plaintiff.

### FOURTH DEFENSE

The plaintiff fails to allege fraudulent conduct on the part of this defendant with the necessary specificity and particularity as required by the provisions of Rule 9 of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Any injuries suffered by the Plaintiff arising from the alleged facts complained of in her complaint were proximately caused by her and/or aggravated by a superseding, intervening event or events.

**SIXTH DEFENSE**

Any injuries suffered by the plaintiff arising from the alleged facts complained of in her complaint were proximately caused and/or aggravated by other parties over whom this defendant exercises no control and for whom this defendant has no responsibility.

**SEVENTH DEFENSE**

This defendant hereby adopts and asserts all defenses provided to her by the provisions of Rule 12 of the Federal Rules of Civil Procedure.

**EIGHTH DEFENSE**

Any injuries accruing to the plaintiff arising from the alleged facts complained of in her complaint was caused and/or aggravated by unknown proper parties interested in the subject matter of the action, and who should be joined and be designated as unknown parties in interest pursuant to the provisions of Rule 9 of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**

The plaintiff's claims are barred by the applicable statutes of limitation and/or the equitable doctrine of *laches*.

**TENTH DEFENSE**

The plaintiff comes to the Court with unclean hands or in a state of *in Pari delicto* and is thus barred from recovery.

**ELEVENTH DEFENSE**

Although this defendant denies that the plaintiff is entitled to damages of any type or amount in this action, any injuries suffered by the plaintiff was caused and/or aggravated by her own negligence, and should be reduced accordingly.

**TWELFTH DEFENSE**

This defendant hereby preserves the right to raise all such other and/or further affirmative defenses provided under the terms of Rule 7 of the Federal Rules of Civil Procedure as may be appropriate in the premises.

**THIRTEENTH DEFENSE**

This defendant affirmatively pleads all respects of the Mississippi Litigation Accountability Act, which provides in part: "In any civil action commenced or appealed in any court of record in this state, the court shall award…reasonable attorney fees and costs against any party or attorney if the court, upon the motion of any party or on its own motions, finds that an attorney or party brought an action… that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment…." Miss. Code Ann. § 11-55-5(1).

WHEREFORE, premises considered, Defendant Ivana Williams denies that the plaintiff is entitled to any relief whatsoever in this cause of action and prays that her complaint be dismissed with all costs taxed to the plaintiff.

**MOTION TO DISMISS**

Defendant Ivana Williams moves to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof would state the following:

1. That no likelihood exists that Plaintiff should prevail on the merits of this action. Attached to the Defendant's Answer and Response, evidence suggests the Plaintiff has not relayed a full and true recapitulation of events that occurred and even afterward.

2. The complaint is frivolous in its design, statements, and lack of prescribed evidence. There is not even a mention of where the supposed video referred to may be found or the multiple

persons Jane Doe claims it was sent to, even though the Defendant herein has voluntarily produced her digital records to the Mississippi Department of Public Safety and the Mississippi Attorney General. It would appear by the Plaintiff's complaint the video in question, a listing of persons who were given the video and by whom they were given the video is crucial to this cause being taken seriously or even for the plaintiff to have a basis in law to proceed.

3. There are not enough supporting facts in the complaint to rise to the level of it being acceptable to this Court, even if taken as true, as there are so many issues lacking specificity to further the action. Jane Doe does not list any specific parties, dates, times, actions or contributing evidence that her rendition of a story should be taken as true.

4. That this action actually shows harm to this Defendant.

5. The Plaintiff, who ten (10) months after the complained of incident, decided only then to further any action concerning this matter by filing complaints with the Attorney General and the Mississippi Department of Public Safety, but such are not even referred to by Jane Doe in her complaint. Jane Doe does not even relate the filings she made in state court concerning this matter. There have been no findings of any actions by any agency of government against this Defendant as to any liability due to those filings.

6. Plaintiff has not shown nor met any basis for the imposition of any claim against her. There are no videos to be produced by the Plaintiff, nor even a listing of the multiple individuals she states under oath that have been provided those videos.

7. That this same Jane Doe has filed a previous legal action in state court wherein she states her name and personal information within that document. Her likeness is even public knowledge due to that filing the real name of the Plaintiff has been discoverable due to her own actions, whether in legal filings or on social media.

8. Now, the Plaintiff prays that such should not be made public, using this mechanism in an effort to sway support or to cast her in the light of a victim, even though no holdings have been alleged nor found against the Defendant by any agency of government. The filing by pseudonym in the present matter is just another form of intimidation or harassment that threatens the integrity of the civil process and is prejudicial to the administration of justice.

9. The herein Defendant has abided by the pseudonym as requested, but cannot be held accountable for any name or likeness of Jane Doe to further emerge due to the actions of Jane Doe herself.

10. That in this present case the Plaintiff multiple times alleges criminal actions throughout her filings against this Defendant of which there are none. The American Bar Association Model Code of Professional Responsibility takes a dim view on that matter of using criminal status to further a civil matter. Here, the criminal statutes are being used in an attempt to gain advantage in a civil matter and in so doing is a form of intimidation or harassment that threatens the integrity of the civil process and is prejudicial to the administration of justice.

11. The Plaintiff maintains in her filings the status of victim, where there are no conclusions of law to style her as such, only Jane Doe's rendition of an incident. A 'victim' is a party completely different than a 'consenting participant' in a sex act. Here Jane Doe attempts to 'flip' her role and participant designation for purposes of this complaint.

THIS the 12th day of April, 2024 .

Respectfully submitted,

Ivana Williams

By: ________________________

Ivana Williams

ATTESTATION

STATE OF MISSISSIPPI
COUNTY OF Hinds

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid County and State, the within names Ivana Williams, who acknowledged to me that she executed the above and foregoing Answer with the full authority to do so and states that the foregoing is true and correct as therein stated to the best of her knowledge and belief.

SWORN AND SUBSCRIBED before me this the 12th day of April, 2024.

Maria Humer

NOTARY PUBLIC

My Commission expires

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 68705
MARIA HUMER
Commission Expires
Nov. 17, 2024
HINDS COUNTY

**AND NOW DEFENDANT, IVANA WILLIAMS DOES NOW BRING HER COUNTER CLAIM AGAINST THE PLAINTIFF, JANE DOE AND JOHN DOES 1-10**

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION**

**IVANA WILLIAMS** **COUNTERPLAINTIFF/DEFENDANT**

**V.** **CAUSE No. 3:24-CV-165-DPJ-ASH**

**JANE DOE AND JOHN DOES 1-10** **COUNTERDEFENDANT/PLINTIFF**

## COUNTERCLAIM

**COMES NOW**, Ivana Williams, Counter-Plaintiff herein, and files this her Counterclaim and in support thereof would state as follows:

## I. PARTIES

1. Counter-Plaintiff is an adult resident citizen of Rankin County, Mississippi.

2. Counter-Defendants are the same party in the original complaint that is the filing attached to this instant matter and may be served with this complaint through legal counsel.

3. John Does 1-10 are fictitious persons that may be liable to the Counter-Plaintiff for the acts described herein.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under 15 U.S.C. § 6851. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims because those claims arise out of the same nucleus of operative fact as the federal-question claim and form part of the

same transaction and occurrence.

5. This Court has personal jurisdiction over the Counter-Defendants because they are citizens of Mississippi and because Counter-Plaintiffs claims arise from Counter-Defendants' contact with the forum state.

6. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Defendants committed the complained-of acts and where Counter-Defendants reside.

## III. FACTS

7. Plaintiff Jane Doe invited Williams to a bar on the night of the alleged incident either during the month of late January or early February. Williams declined due to the fact that was employed by the Mississippi Highway Patrol and was not placing herself in an establishment for the sole purpose of consuming alcohol. Thereafter, the two agreed to have dinner and traveled to Kessler Prime, an upscale restaurant in the Ridgeland, MS area that is known for steaks and fine food.

8. While at Kessler Prime, the women were joined by two adult males (Adult Male #1 and Adult Male #2) for dinner.

9. Thereafter, the now four individuals traveled to the iconic Tico's Restaurant, a second-generation establishment known for political, business and the artistic personalities as well as the public at large to gather for fine food.

10. Upon leaving Tico's the group traveled to Adult Male #1's home in the Belhaven area of Jackson.

11. A short while later Jane Doe and Williams were taken to William's home by the two adult males, with Adult Male #1 driving. Williams and Adult Male #2 were in the back seat,

where Williams feigned sleeping to dissuade any communication with the other passengers in the car. It was at this time Williams overheard Jane Doe say to Adult Male #1, "If anybody's gonna get some p…y tonight, it's gonna be me."

12. Jane Doe did consume alcohol throughout the evening, but was not inebriated to the point that her body or cognitive capabilities were limited.

13. When at the home of Williams, Jane Doe became the aggressor for a sexual encounter with Williams. With all lights on in the bedroom, Williams agrees to Jane Doe's approach. Jane Doe then agrees the encounter could be recorded on cell phone. Afterward, Jane Doe gets up and puts on her clothing but stays for the entire night. The next morning Jane Doe views the video and allows with her full knowledge and consent the video could be sent by Williams to one male person.

14. No parties were ever sent the video in question other than the party to which Jane Doe agreed. No persons or entities other than that one which Jane Doe agreed to have been sent any video containing her likeness.

15. After the encounter that is the subject of this filing, Jane Doe continued to travel, communicate and have a friendly relationship with Williams to the extent of having photographs taken, even though Jane Doe now vehemently subjects Williams to a potential charge of rape. Those photographs and other events will be made to the Court at a later time, but Counter-Plaintiff is hampered in doing so at this time due to the name and likeness of Jane Doe being adhered to.

16. That on November 14, 2023, a well-known local blog posted no complaints as of that date had been filed with Mississippi Department of Public Safety. That also will be supplied with direction to the Court.

17. Jane Doe then filed on November 15, 2023, an action with the Mississippi Highway Patrol, approximately ten (10) months after the incident complained of. However, no copy of this complaint has ever come into the possession of Williams.

18. A complaint was also filed with the Attorney General's office. Williams attended a meeting with the Attorney General's investigators where she voluntarily delivered her personal telephone for testing and review. Williams also made herself available to the Mississippi Department of Public Safety for an investigation. As of this date no investigation has found Williams guilty of any actions contrary to Mississippi law by any of these agencies.

**CAUSES OF ACTION**

**COUNT ONE**

**Intentional Infliction of Emotional Distress**

19. Williams re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

20. Counter-Defendants' acts were willful and intentional, or was committed with reckless disregard for and/or deliberate indifference to Williams.

21. Counter-Defendants intended for their act to cause Williams to suffer extreme emotional distress, or they should have reasonably foreseen that their acts would cause Williams to suffer extreme emotional distress.

22. Counter-Defendants' acts were the proximate and legal cause of Williams extreme emotional distress, and it evokes outrage in civilized society.

23. Accordingly, Williams is entitled to recover from Counter-Defendants, compensatory damages in an amount to be established at trial, plus punitive damages in an amount

to be established at trial and a reasonable attorney's fee.

**COUNT TWO**

**Defamation/ Libel and Slander**

24. Williams re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

25. Defendants published verbal and written statements defaming Plaintiff.

26. Defendants knew that the statements were false and defaming to Williams.

27. Counter-Defendants showed reckless disregard for the truth of the statements and were negligent in failing to ascertain the truth of the statements.

28. As a result, of these actions, Williams has been damaged.

**COUNT THREE**

**Negligent Infliction of Emotional Distress**

29. Williams re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Counter-Defendants' acts have negligently inflicted emotional distress upon Plaintiff.

31. It is reasonably foreseeable that the acts of Counter-Defendants have and did cause the Plaintiff substantial mental anguish and severe emotional distress.

32. Williams has been damaged, and all Counter-Defendants are liable to the Counter-Plaintiff for damages.

**SIXTH COUNT**

**Civil Conspiracy**

33. Williams re-alleges and incorporates by reference the allegations contained

in the preceding paragraphs as if fully set forth herein.

34. Jane Doe and John Does may have made an agreement with each other to keep, distribute, and transfer the video of Plaintiff to others.

35. The tortious and unlawful act was committed against the Plaintiffs in furtherance of the agreement.

36. The Counter-Plaintiff suffered damage as a result of the conspiracy between these parties.

**SEVENTH COUNT**

**Gross Negligence**

37. Williams re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38. The actions of Counter-Defendants, as described herein, demonstrate a wanton and reckless disregard for the rights of Counter-Plaintiff.

39. Counter-Defendants' actions were so reckless as to warrant the award of punitive damage.

40. Counter-Defendants are liable for all negligent acts and omission committed, as such acts were the direct, immediate, and proximate result of Counter-Plaintiff' injuries.

41. As a direct and proximate result of the gross negligence by Counter-Defendants, Counter-Plaintiff has sustained damages to be proven at a trial of this matter.

42. Counter Defendants' actions entitle Counter-Plaintiff to punitive damages.

**NINTH COUNT**

**Fraudulent Concealment**

43. Counter-Defendants had the intent to deceive Williams and in doing so through their actions have damaged Williams.

44. Williams is due damages from the intentional actions of Counter-Defendants.

**TENTH COUNT**

**Tortious Interference With Business Relationship**

45. Here the Counter-Defendants knew of Williams' businesses and job.

46. Counter-Defendants had the intent to interfere with those business relationships. Counter-Defendant Jane Doe took advantage of Williams by contacting her employer and filing actions she knew to be untrue causing loss of her job, income and future financial opportunities. That her intent was an act to cover her actions on the night in question and further attempts to promote herself to family, friends and the public of her status as a victim instead of a participant in a video of which she now complains.

47. Counter Defendants lacked justification to interfere with such business relationships.

48. Counter-Defendants actions to then interfere with those relationships allows for a finding of damages due Williams.

**RELIEF SOUGHT**

**DAMAGES**

49. No basis exists for any action to be held against Williams. However, Williams has been harmed. Since the Plaintiff filed complaints with the Mississippi Department of Public Safety, the Attorney General and this action, Defendant has been investigated due to these filings, lost standing in the community, suffered mental and emotional anguish, loss of income, financial damages for hiring attorneys and job-related costs all related to the actions of the Counter-Defendants in this matter.

50. Counter-Plaintiff has suffered and continues to suffer extreme and permanent emotional distress with physical manifestations lifelong loss of income earning capacity loss of past and future wages, past and future expenses, and other losses to be described and proven at trial for this matter.

**PUNITIVE DAMAGES**

51. Counter-Defendants' aforesaid acts and omissions, as described above, were so grossly negligent and careless in nature, and evinced such wanton and reckless disregard for the Plaintiff, in complete and utter disregard of the duties and obligations owed, and with such reckless indifference to the consequences of their wrongful acts of commission and omission to be tantamount to willfulness, that Counter-Plaintiff is entitled to recover punitive damages from all named Defendants to the extent allowed by law.

**WHEREFORE, PREMISES CONSIDERED**, Counter-Plaintiff/Defendant prays for judgment of from and against Counter-Defendant/Plaintiff in an amount to be determined by a jury or Court that fully and fairly compensates Counter-Plaintiff/Defendant, including all costs incurred, including damages and any prejudgment or post-judgment interest in the amount of at least Twenty Million Dollars ($20,000,000.00). Counter-Plaintiff/Defendant further prays for any other general relief to which she may be entitled.

Respectfully submitted,

Ivana Williams

By: ______________________

Ivana Williams

Counter-Plaintiff/Defendant Counsel:

Law Offices of Bobby Moak, P.C., MSB # 9915
P. O. Box 242
Bogue Chitto, MS 39629
601-734-2566
Fax: 601-734-2563
Bobbymoak402@att.net

J. Matthew Eichelberger, MSB #101060
Madeline M. Iles, MSB #101060
Eichelberger Law Firm, PLLC
1640 Lelia Dr., Ste. 120
Jackson, MS 39216
Telephone: 601-292-7940
Facsimile: 601-510-9103
Matt@ike-law.com
Madeline@ike-law.com

## ATTESTATION

STATE OF MISSISSIPPI
COUNTY OF HINDS

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid County and State, the within named Ivana Williams, who acknowledged to me that she executed the above and foregoing Answer and Counterclaim with the full authority to do so and states that the foregoing is true and correct as therein stated to the best of her knowledge and belief.

SWORN AND SUBSCRIBED before me this the 12th day of April, 2024.

Maria Humer
NOTARY PUBLIC

STATE OF MISSISSIPPI NOTARY PUBLIC ID # 68705 MARIA HUMER Commission Expires Nov. 17, 2024 HINDS COUNTY

My Commission expires

**CERTIFICATE OF SERVICE**

I, Madeline Iles, attorney for Ivana Williams, have this day filed with the CM/ECF system a true and correct copy of the above:

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

which will be delivered to all counsel of record.

This the 12th day of April, 2024.

*/s/ Madeline Iles*
Madeline Iles
MSB 106186

Counter-Plaintiff/Defendant Counsel:

Law Offices of Bobby Moak, P.C., MSB # 9915
P. O. Box 242
Bogue Chitto, MS 39629
601-734-2566
Fax: 601-734-2563
Bobbymoak402@att.net

J. Matthew Eichelberger, MSB #101060
Madeline M. Iles, MSB #101060
Eichelberger Law Firm, PLLC
1640 Lelia Dr., Ste. 120
Jackson, MS 39216
Telephone: 601-292-7940
Facsimile: 601-510-9103
Matt@ike-law.com
Madeline@ike-law.com