**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **JANE DOE** | **PLAINTIFF/COUNTER DEFENDANT** |
| **VS.** | **CAUSE NO: 3:24-cv-00165-DPJ-ASH** |
| **IVANA WILLIAMS, BRAD MCCLENDON AND JOHN AND JANE DOES 1-30.** | **DEFENDANT/COUNTERCLAIMANT** |

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**
**(JURY TRIAL DEMANDED)**

COMES NOW, Jane Doe, Counter Defendant in the above-styled and numbered cause, by and through her undersigned counsel, and files this, her Answer and Affirmative Defenses to the Counterclaim filed herein by the Counterclaimant Williams, and in support thereof, would show unto the Court as follows:

This Counter Defendant responds to the specific allegations of the Counterclaim, paragraph by paragraph, as follows: this Counter Defendant admits the allegations of Paragraph 1; this Counter Defendant admits the allegations of Paragraph 2; this Counter Defendant denies the allegations of Paragraph 3; this Counter Defendant admits the allegations of Paragraph 4; this Counter Defendant admits the allegations of Paragraph 5; this Counter Defendant admits the allegations of Paragraph 6; this Counter Defendant denies the allegations of Paragraph 7 as stated; this Counter Defendant denies the allegations of Paragraph 8; this Counter Defendant denies the allegations of Paragraph 9 as stated; this Counter Defendant denies the allegations of Paragraph 10; this Counter Defendant denies the allegations of Paragraph 11; this Counter Defendant denies the allegations of Paragraph 12; this Counter Defendant denies the allegations of Paragraph 13; this Counter Defendant denies the allegations of Paragraph 14; this Counter Defendant denies the allegations of Paragraph 15; this Counter Defendant denies the allegations of Paragraph 16; this

Counter Defendant denies the allegations of Paragraph 17; this Counter Defendant denies the allegations of Paragraph 18; this Counter Defendant denies the allegations of Paragraph 19; this Counter Defendant denies the allegations of Paragraph 20; this Counter Defendant denies the allegations of Paragraph 21; this Counter Defendant denies the allegations of Paragraph 22; this Counter Defendant denies the allegations of Paragraph 23; this Counter Defendant denies the allegations of Paragraph 24; this Counter Defendant denies the allegations of Paragraph 25; this Counter Defendant denies the allegations of Paragraph 26; this Counter Defendant denies the allegations of Paragraph 27; this Counter Defendant denies the allegations of Paragraph 28; this Counter Defendant denies the allegations of Paragraph 29; this Counter Defendant denies the allegations of Paragraph 30; this Counter Defendant denies the allegations of Paragraph 31; this Counter Defendant denies the allegations of Paragraph 32; this Counter Defendant denies the allegations of Paragraph 33; this Counter Defendant denies the allegations of Paragraph 34; this Counter Defendant denies the allegations of Paragraph 35; this Counter Defendant denies the allegations of Paragraph 36; this Counter Defendant denies the allegations of Paragraph 37; this Counter Defendant denies the allegations of Paragraph 38; this Counter Defendant denies the allegations of Paragraph 39; this Counter Defendant denies the allegations of Paragraph 40; this Counter Defendant denies the allegations of Paragraph 41; this Counter Defendant denies the allegations of Paragraph 42; this Counter Defendant denies the allegations of Paragraph 43; this Counter Defendant denies the allegations of Paragraph 44; this Counter Defendant denies the allegations of Paragraph 45; this Counter Defendant denies the allegations of Paragraph 46; this Counter Defendant denies the allegations of Paragraph 47; this Counter Defendant denies the allegations of Paragraph 48; this Counter Defendant denies the allegations of Paragraph 49; this Counter Defendant denies the allegations of Paragraph 50; this Counter Defendant denies the

allegations of Paragraph 51; and specifically denies that the Counterclaimant is entitled to any amount, or to any relief, whatsoever from this Counter Defendant; this Counter Defendant denies the allegations of the unnumbered paragraph which begins, "WHEREFORE, and specifically denies that Counterclaimant is entitled to recover any amount, or to any relief, whatsoever from this Counter Defendant including but not limited to compensatory damages, non-pecuniary damages, attorney's fees, legal interest, costs of Court, or otherwise.

**FIRST DEFENSE**

The fraud claims of the Counterclaimant have not been plead with particularity pursuant to the FRCP and must be dismissed.

**SECOND DEFENSE**

The Counterclaimant has failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

The Counter Defendant raises all rights available to her under the Mississippi Litigation Accountability Act.

**FOURTH DEFENSE**

This Counter Defendant expressly reserves the right to assert any additional defenses which may be applicable or which may be determined to be applicable during the course of discovery.

**FIFTH DEFENSE**

Counterclaimant does not state a cause of action for which she is entitled to receive attorney's fees, costs of court, litigation expenses, or legal interest as a *quanta* or measure of collectible damages against this Counter Defendant.

## SIXTH DEFENSE

This Counter Defendant specifically invokes the provisions of Miss. Code Ann. § 85-5-7, and asserts all defenses, rights, privileges and immunities to which she is entitled thereunder.

## SEVENTH DEFENSE

This Counter Defendant invokes all statutory protections afforded by Mississippi law as set forth in the Mississippi Code.

## EIGHTH DEFENSE

This Counter Defendant specifically denies any and all allegations of the Counterclaim not hereinbefore specifically admitted regardless of paragraph number, or letter, or lack thereof.

## NINTH DEFENSE

Counterclaimant has failed to mitigate her damages, which are denied, and this Counter Defendant is not liable for any damages which were caused by the failure of Counterclaimant to mitigate her damages.

## TENTH DEFENSE

The sole proximate cause, or a proximate contributing cause, of the incident in question was the negligence of individuals other than this Counter Defendant.

## ELEVENTH DEFENSE

The sole proximate cause, or a proximate contributing cause, of the alleged Counterclaim was the acts or omissions of others for which this Counter Defendant has neither responsibility nor liability.

## TWELFTH DEFENSE

Counterclaimant has failed to join necessary and indispensable parties, or a party or parties needed for a just adjudication, as set forth in Rule 17 and Rule 19 of the Mississippi Rules of Civil

Procedure. Therefore, Counterclaimant should be required to join said party, or parties, and/or this matter should be dismissed.

**THIRTEENTH DEFENSE**

If this Counter Defendant was negligent, which is specifically denied, others than this Counter Defendant, constituted independent, intervening causes which effectively serve to insulate this Counter Defendant from liability.

**FOURTEENTH DEFENSE**

Other causes or conditions, not attributable to this Counter Defendant, and for which this Counter Defendant is not liable or responsible, were the sole proximate cause, or a proximate contributing cause, of the incident/accident in question.

**FIFTEENTH DEFENSE**

If this Counter Defendant was negligent, which is specifically denied, then said negligence merely furnished the condition or occasion upon which Plaintiffs' decedent was injured and such negligence was not the proximate cause of the act in question and/or Plaintiffs' decedent's injuries, or death.

**SIXTEENTH DEFENSE**

Without waiving any aforementioned defense, and because the facts herein have not been fully developed, this Counter Defendant would affirmatively plead the following defenses which may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an affirmative defense as may be developed during the course of discovery.

AND NOW, having fully answered the allegations of the Counterclaim filed against her herein, Counter Defendant, Jane Doe, prays that this action be dismissed with prejudice and that he be discharged with her costs.

THIS, the 14th day of April, 2024.

Respectfully submitted,

Jane Doe

BY: *s/ Toby Gammill*
2WTOBY J. GAMMILL, MSB# 100367

229 KATHERINE DRIVE
POST OFFICE BOX 320099
FLOWOOD, MISSISSIPPI 39232
Telephone: (601) 988-0000
Facsimile: (601) 988-0001
toby@gammill-law.com

**CERTIFICATE OF SERVICE**

I, Toby Gammill, do hereby certify that I have this day provided a true and correct copy of the above and foregoing ***ANSWER AND AFFIRMATIVE DEFENSES*** via the Electronic Court system to all counsel of record.

THIS, the 14th day of April, 2024.

*s/ Toby Gammill*
TOBY J. GAMMILL