# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JANE DOE                                                       PLAINTIFF

VS.                                           CAUSE NO:3:24-CV-165-DPJ-ASH

IVANA WILLIAMS,
BRAD MCLENDON AND JOHN AND JANE DOES
1-30.                                                  DEFENDANTS

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT MCLENDON'S MOTION TO DISMISS

COMES NOW, Plaintiff, by and through counsel, and submits this, her Response in Opposition to McLendon's Motion to Dismiss and states the following:

**Background**

Williams and McLendon worked together at the Mississippi Department of Public Safety. It is also well known they were, or still are, romantically involved. Williams captured a cell phone video of the Plaintiff in various states of undress and filmed throughout a sexual encounter of the two in November 2022. According to Williams, the video did not include the Plaintiff's face. However, in May of 2023, after creating the video in November of 2022, Plaintiff was contacted and was told there was a sex video of her, circulating through the public, including her face. Williams lied to the Plaintiff in November 2022 telling her she did not capture her face in any video. Doe told Williams she would feel better if the video was deleted. Williams told Doe her face was not in the video and Doe had nothing to worry about. In May of 2023 Doe asked Williams again to delete the video after she discovered Defendants were both disseminating it, Williams then said she deleted it in a text message. This was a lie. Now, many troopers of the Mississippi Department of Public Safety have been fired or investigated because the video, was taken and

distributed by Williams and McLendon, through State owned cell phones. The video was discovered by McLendon's then wife (now divorced) and this cause of action accrued in May 2023. Plaintiff has been damaged as a result.

### Standard under Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss for failure to state a claim, the Court must accept the Plaintiff's factual allegations as true, and make reasonable inferences in the Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion, the Complaint merely "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78. This requires "more than an unadorned, the defendant unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678. The Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw reasonable inference that defendant is liable for the misconduct alleged. Fed. Rules Civ. Pro. Rule 12(b)(6). However, a well-pleaded complaint may proceed even it if strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.' *Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC,* 352 F. App'x 945, 950 (5th Cir. 2009) (citing Twombly, 550 U.S. at 570). Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). "

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244,1251 (11th Cir. 2007). "A facial attack on the complaint," like Defendants raise here, "requires the court merely to look and see if the Plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [or her] complaint are taken as true for the purposes of the motion."

**McLendon's Federal Claim argument**

McLendon argues that the Complaint does not state that McLendon knew Plaintiff did not consent to the distribution of the video and she has failed to state a claim. Essentially, this statement by McLendon admits that he indeed distributed the video. The mere fact that Doe has filed a Federal Court lawsuit against McLendon clearly shows that she did not consent to any video being distributed showing her image.

A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw reasonable inference that defendant is liable for the misconduct alleged. Fed. Rules

Civ. Pro. Rule 12(b)(6). However, a well-pleaded complaint may proceed even it if strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It has been plead that the Defendants distributed images of her without her permission. The factual plausibility is met and the Motion must be denied.

McLendon also argues that the Complaint must be dismissed because of failure to plead the *entire* Complaint under FRCP 9(f) requirements. The Complaint was plead under the auspice of notice pleading according to FRCP 8. It states:

> Rule 8. General Rules of Pleading
>
> CLAIM FOR RELIEF. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Rule 9. Pleading Special Matters
>
> (a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE. (1) In General. Except when required to show that the court has jurisdiction, a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity; or (C) the legal existence of an organized association of persons that is made a party. (2) Raising Those Issues. To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.
> (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.
> (c) CONDITIONS PRECEDENT. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.
> (d) OFFICIAL DOCUMENT OR ACT. In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.

(e) JUDGMENT. In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.
(f) TIME AND PLACE. An allegation of time or place is material when testing the sufficiency of a pleading.
(g) SPECIAL DAMAGES. If an item of special damage is claimed, it must be specifically stated.
(h) ADMIRALTY OR MARITIME CLAIM. (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated. (2) Designation for Appeal. A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. §1292(a)(3).

The FRCP 9(f) argument is without merit and must be disregarded.

**McLendon's commercial content argument**

McLendon argues that Doe has plead herself out of Court claiming image of her were commercial content. In fact, the *complete* language of paragraph 24 states:

> 24. The photograph/video Williams surreptitiously took, and along with McLendon, subsequently transmitted through interstate commerce, constitutes "commercial pornographic content" **and/or an "intimate visual depiction" as defined by 15 U.S.C. § 6851(a)(1) & (5).**

This paragraph also claims transmission of an intimate visual depiction. This argument fails and must be disregarded.

**McLendon's §§ 230 Immunity Argument**

McLendon incorrectly relies on *Batzel v. Smith,* 333 F. 3d 1018 (9th Cir.). Batzel involved the Court dismissing an operator's appeal insofar as it challenged the denial of his motion to dismiss for lack of personal jurisdiction, as the appeal was untimely. The operator had brought his motion to strike under the California anti-Strategic Lawsuits against Public Participation (SLAPP) statute, Cal. Civ. Proc. Code § 425.16, alleging that

the attorney's suit was meritless and that the complaint was filed in an attempt to interfere with his First Amendment rights. In denying the motion, the district court declined to extend the legislative grant of immunity pursuant to 47 U.S.C.S. § 230(c) to the operator, holding that the operator was not "an internet service provider" and therefore was not covered by the statute. The court disagreed, finding that the operator was covered by § 230 (c). However, the court held that there was an issue of fact as to whether the operator could have reasonably concluded that, because the e-mail arrived via a different e-mail address, it was not provided to him for possible posting on the listserv. Lastly, the court held that because there was no agency relationship between the operator and the sponsor, the sponsor could not be held liable. *Id.*

Since that time, *Batzel* has been held that it is no longer controlling law. In *Breazeale v. Victim's Services*, 878 F.3d 759 (9th Cir. 2017) overruled its holding and stated:

> VSI argues this Court's decision in *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), expressly permits interlocutory appeals from district court rulings on motions to strike under California's Anti-SLAPP statute. Yet later statutory history shows our decision in Batzel is no longer controlling. In *Batzel*, relying on analysis similar to that we use in considering issues of qualified immunity, we concluded we had collateral order jurisdiction to review an appeal from a trial court's denial of a motion to strike under California's Anti-SLAPP law, as it then provided. Id. at 1024-26. We looked to California's legislative intent and reasoned the statute's provision granting the right of immediate appeal from a denial of a motion to strike, Cal. Civ. Proc. Code § 425.16(i), was to ensure that if the statute applied there would be no trial. "California lawmakers wanted to protect speakers from the trial itself rather than merely from liability." *Batzel*, 333 F.3d at 1025. A defendant's rights under the California statute, we said, are thus "in the nature of immunity: [t]heyprotect the defendant from the burdens of trial, not merely from ultimate judgments of liability." Id. We were bound by the state law. We said that because "California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Id*. at 1025-26.
>
> After our decision in *Batzel*, however, the California legislature amended the Anti-SLAPP law to add the public interest exception to the right of immediate appeal of orders denying Anti-SLAPP [**19] motions. The amendment effectively stripped the right of immediate appealability from all cases in which the trial court determines the public interest exception applies. See Cal. Civ. Proc. Code §

425.17(e) (providing "[i]f any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt" under the public-interest exception, the appeal provisions "do not apply"). The law has thus changed since we decided *Batzel*. That case is no longer controlling. The California legislature has now made the substantive determination that in public interest cases, the Anti-SLAPP statute does not provide immunity from suit, and denials of Anti-SLAPP motions to strike are no longer immediately appealable. Here, as in Batzel, we must follow the intent of the California legislature under the applicable state law. See *Batzel*, 333 F.3d at 1025-26.

There are no cases involving the Federal question under §6851 and a grant of immunity. In fact, McLendon's counsel states such in his footnote. This argument is without merit and must be disregarded.

**McLendon's argument of effect of the statute/vague pleading**

As stated in the Complaint, clearly the encounter that created the video between Doe and Williams took place in November, 2022. §6851 took effect in October 2022. The video was discovered by Doe to contain her face and she learned it was being distributed by the Defendants in May 2023. Again, McLendon argues that FRCP 9(f) requires all of her allegations to fall under that Rule and not FRCP 8. This argument is misplaced and without merit.

In Doe v. McCoy, 2024 U.S. Dist. LEXIS 33901 *; 2024 WL 843908, the Court for the Northern District of Georgia wrote an opinion very similar to the facts herein:

Defendants in *McCoy* filed a motion to dismiss based on these facts:

Plaintiff and Defendant Jeff McCoy had an intimate relationship in the past. During that time, they filmed and photographed some of their "intimate interactions." McCoy also filmed Plaintiff having "intimate encounters" with other men and women. McCoy made and stored those videos and photos on his cell phone. Plaintiff describes her relationship with McCoy as "on again, off again," and each time they broke up, Plaintiff asked McCoy to destroy or delete the videos and photos—something McCoy assured Plaintiff he did. At some point, McCoy started dating Defendant Emilyn Espiritu. In April 2023, the two of them went to a restaurant with McCoy's friends. That night, someone sent Plaintiff a recording from the restaurant showing someone else playing one of the intimate videos of Plaintiff so others at the restaurant could see it. The recording showed the video in a folder bearing Plaintiff's name, suggesting McCoy had not actually destroyed or

deleted the videos and photos. Plaintiff confronted McCoy the next day. He denied being the one who played the video at the restaurant or the one who recorded the video being played. He told Plaintiff that Espiritu had (without his permission) taken copies of videos from his cell phone and played one of them at the restaurant to the "assembled group." *Id.*

Defendants argued the term "disclosure" covers only "a conveyance or reproduction of data to third parties which results in a change in ownership, control, or possession of the data." They contend Plaintiff merely claims Defendants played the video on their phone for others to see. They say that claim establishes only that Defendants "displayed" the video, which they insist "refers to the presentation of the visual depiction in a manner that is visible to others—e.g., on a screen to a limited audience." *Id.* VAWRA defines "disclose" as "to transfer, publish, distribute, or make accessible." 15 U.S.C. § 6851(a)(4). This is a broad definition, and certainly broader than Defendants' proposed definition. "In construing a statute [the Court] began, and often should end as well, with the language of the statute itself." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997). Publish means to "disseminate to the public"; distribute [*7] means "to give out or deliver, especially to members of a group"; and to make something accessible means to make something "capable of being reached . . . or seen." None of these terms require an act that results in a change of ownership, control, or possession.

By way of example, a person can certainly make a video "accessible" to others without ceding ownership, control, or possession of that video to someone else. Defendants' proposed interpretation thus writes the word "accessible" completely out of the statutory definition. According to Defendants, they could show the video to anyone, anywhere so long as they used McCoy's phone to play it—perhaps by streaming it to a television or larger screen—and so long as they did not provide copies, control, or physical possession. The Court held that such a narrow interpretation of the term "disclose" is completely inconsistent with the idea of publishing and

completely ignores the concept of making something accessible. The Court concluded Plaintiff's allegation that Defendants showed other patrons at a public restaurant the video, falls within the statutory definition of disclosing. Moreover, whether a "display" is different from a "disclosure," really doesn't matter right now. That is because, even if Defendants merely "displayed" the video when they played it at the restaurant, VAWRA still makes that "display" actionable through the imposition of injunctive relief. It would be odd for Congress to fashion a remedy for the "display" of an intimate video if a Plaintiff could not bring a claim for that display. And Plaintiff expressly asks in her complaint for equitable relief pursuant to VAWRA. (citing 15 U.S.C. § 6851(b)(3)(A)(2).) So, even if she did not state a claim for damages under the statute, she still asserts a claim for equitable relief, and the Court has jurisdiction. McCoy makes another argument. He contends that—given Plaintiff's allegation in the complaint that he admitted Espiritu had taken the video from his phone without his permission and played it at the restaurant—that "the only individuals Plaintiff alleges displayed the recording are not [McCoy]." *Id.* Plaintiff said her allegations establish that "McCoy either disclosed the [video] to the crowd at [the bar] or disclosed the [video] to someone else (like Espiritu) who did." *Id.* The Court disagreed with McCoy that plaintiff's allegations suggest that only Espiritu—and not him—disclosed or displayed the video. Plaintiff does not allege McCoy's statement about Espiritu was true—only that he blamed her and exculpated himself. In fact, nowhere in the complaint does Plaintiff affirmatively identify the person who showed the video to the group. All Plaintiff claims is that someone showed the group the video, that before this happened McCoy was the only person with access to it, and that McCoy told her Espiritu did it. Indeed, Plaintiff expressly suggests McCoy may have been lying, claiming that "[t]o the extent" his statement was true, he was negligent in allowing Espiritu (or someone else) to access the video on his phone. Defendants also say Plaintiff failed to state a claim under

VAWRA because she does not allege their purported disclosure of the video satisfies the interstate or foreign commerce element of the statute. Plaintiff says a cell phone is an instrumentality of interstate commerce as a matter of law, so Defendants' use of a cell phone to show the video satisfies that requirement of the statute. The Court held that the Plaintiff was right. *Id.*

The authority and argument of McLendon is misplaced. The Complaint states claims under notice pleading and the State law claims are pendant as the Court has subject matter jurisdiction to hear this matter. Doe is very similar to *McCoy*. The Defendants now seek to avoid liability for their actions. The motion must be denied.

WHEREFORE PREMISES CONSIDERED, Doe requests the Court deny the Motion to Dismiss and for any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 10th cday of May, 2024.

*s/ Toby Gammill*
Toby Gammill MSB #100367
229 Katherine Drive
Flowood, MS 39232
601-988-0000
toby@gammill-law.com
*Attorney for Plaintiff*