UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE                                                                                  PLAINTIFF/
                                                                                  COUNTERDEFENDANT

V.                                                            CIVIL ACTION NO. 3:24-CV-165-DPJ-ASH

IVANA WILLIAMS, BRAD MCLENDON,
and John and Jane Does 1–30                                                           DEFENDANTS

V.

IVANA WILLIAMS                                                                      COUNTERPLAINTIFF

ORDER

This is an action brought under Mississippi common law and 15 U.S.C. § 6851, a federal statute creating a "[c]ivil action relating to disclosure of intimate images." Plaintiff, the pseudonymous Jane Doe, alleges that one Defendant, Ivana Williams, made a video of the two of them having sex and then—without Doe's consent—sent it to, among others, Defendant Brad McLendon, who further distributed it. Compl. [1]. McLendon moved to dismiss [13], as did Williams [18]. The Court will deny both motions. Plaintiff has also asked for leave [20] to proceed pseudonymously, which Defendants oppose. The Court will grant her motion, subject to review as the case proceeds.

I.      Facts and Proceedings

For purposes of the motions to dismiss, the Court takes the Complaint's well-pleaded allegations as true. After she became intoxicated at dinner in November 2022, Doe went home with Williams, where a nonconsensual "sexual encounter" occurred. Compl. [1] ¶¶ 8–9; 15. In the morning, Doe asked Williams whether she had recorded them; Williams said she had. *Id*. ¶ 10. When Doe asked her to delete the video, Williams told Doe not to worry because her face

1

was not visible and because Williams intended to keep it in a "vault." *Id.* ¶ 11. Unsatisfied, Doe asked Williams again to delete it, but she refused. *Id.*

In May 2023, Williams "casually mentioned" that her boyfriend's wife had found the video in his email and viewed it. *Id.* ¶ 12–13. This boyfriend was Defendant McLendon. Williams admitted sending it to him and lying about Doe's face not being visible. *Id.* ¶ 14. Doe "realized [the] video of the non-consensual sex was being passed around the Mississippi Highway Patrol where both Defendants worked at the time." *Id.* ¶ 15. And she says McLendon "distributed the video to an untold number of people without permission." *Id.* ¶ 17. Word of the video reached Doe's ex-husband, who told her "everyone was talking about it," and now Doe avoids going out in public. *Id.* ¶ 21.

Doe sued in March 2024, alleging that Defendants violated 15 U.S.C. § 6851 and committed various state-law torts.

II.   Standard

When deciding a Rule 12(b)(6) motion to dismiss, the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)). "Conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *Black's Law Dict.* (11th ed. 2019), *quoted in Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.   Discussion

As part of the Violence Against Women Act Reauthorization of 2022, which took effect on October 1, 2022, Congress provided a civil action for the disclosure of persons' "intimate visual depictions" without their consent. *Doe v. T-Mobile USA, Inc.*, No. 4:23-CV-5166, 2024 WL 1705925, at *3 (E.D. Wash. Apr. 19, 2024). After defining various terms, the statute says:

> Except as provided in paragraph (4), an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

15 U.S.C. § 6851(b)(1)(A).  Paragraph four excludes relief for, among other things, typical instances of being pictured in "commercial pornographic content," *id.* § 6851(b)(4), an exception McLendon argues in his motion.

A.   Defendant McLendon

McLendon styles his motion as invoking both Rule 12(b)(6) and Rule 12(b)(1), the latter governing dismissal for lack of subject-matter jurisdiction.  But his only jurisdictional argument asserts that because "Plaintiff cannot plead all essential elements of the only statutory cause of

3

action she attempts to proceed with, there is no way she can meet her burden of establishing federal jurisdiction." McLendon Mem. [14] at 5. He then says that without a federal question, there can be no supplemental jurisdiction over Doe's state-law claims. *Id.* at 16–17.

McLendon offers no relevant authority suggesting that subject-matter jurisdiction should be decided after considering the merits of a Rule 12(b)(6) motion. Indeed, he notes earlier in his brief that Rule 12(b)(1) motions "must be considered by the court before any other challenge." *Id.* at 2 (quoting *Moran v. Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). Regardless, the Court finds that McLendon's six Rule 12(b)(6) arguments for dismissing these claims lack merit.

1. Whether Doe Plausibly Pleaded Intent

McLendon first says Doe failed to expressly plead that he knew she had not consented to having the video distributed or that he acted in reckless disregard of her consent. McLendon Mem. [14] at 3–4. Rule 9(b) allows "intent, knowledge, and other conditions of a person's mind [to] be alleged generally." "But 'generally' is a relative term"; the rule "merely excuses a party from pleading . . . intent under an elevated pleading standard." *Iqbal*, 556 U.S. at 686. So, as noted, Doe was required to "raise a reasonable inference" that McLendon had the requisite mental state. *Iqbal*, 556 U.S. at 678.

Doe met that standard. According to her, she was so intoxicated during the filming of the encounter that she does not remember all of it. Compl. [1] ¶¶ 8–9. That creates a reasonable inference that someone watching the video might know she was inebriated. Doe also claims that she had never been with a female "nor had any interest in being with a female," *id.* ¶ 9, yet the video depicted her in that context and showed her face, *id.* ¶ 14. Doe also alleges that McLendon knew her, *id.* ¶ 17, and that she was a divorced mother, *id.* ¶ 21.

4

The Complaint says enough to reasonably infer that McLendon, who knew Doe, knew she was a mother, that she had an ex-husband, and that such a video—which showed her face—would be embarrassing.  Nothing in the Complaint suggests that Doe gave consent or that McLendon should have drawn that conclusion, yet she says he "distributed the video to an untold number of people *without permission*." *Id*. ¶ 17 (emphasis added).  Doe has plausibly pleaded that McLendon acted with at least reckless disregard for her rights.  *Cf. United States v. Sims*, 11 F.4th 315, 322 (5th Cir. 2021) (noting jury may infer reckless disregard from circumstantial evidence under sex-trafficking statute).

   2.   Whether the Video Is Excepted from Section 6851

McLendon says Doe admits the video falls under the exception for commercial pornographic content found in § 6859(b)(4)(A).  McLendon Mem. [14] at 5.  Doe does allege that the video "constitutes 'commercial pornographic content' and/or an 'intimate visual depiction.'"  Compl. [1] ¶ 24.  The "and/or" saves her pleading.  Under Federal Rule of Civil Procedure 8(d)(2), "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

   3.   Whether McLendon Is Immune

McLendon claims immunity from liability under 47 U.S.C. § 230(c)(1) (Communications Decency Act).  McLendon Mem. [14] at 5.  That subsection says:

> **(c) Protection for "Good Samaritan" blocking and screening of offensive material**
>
> **(1) Treatment of publisher or speaker**
>
> No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.
>
> **(2) Civil liability**

5

> No provider or user of an interactive computer service shall be held liable on account of—
>
> (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
>
> (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).

47 U.S.C. § 230(c). McLendon thinks this means he

> is immune from liability under such enactment, 47 U.S.C. § 230(c)(1), when a third person (such as Defendant Williams) that created the information in question furnished it to the user under circumstances in which a reasonable person in the position of the user (such as McLendon) would conclude that the information was provided for publication on the internet or other interactive computer service.

McLendon Mem. [14] at 5–6 (citing *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)).

McLendon relies heavily on the Ninth Circuit's *Batzel* opinion. But that court did not consider § 230(c) as applied to a claim under § 6851(b). Indeed, such cases are rare; this Court found only one—*Doe v. Spencer*, No. 1:23-CV-2, 2023 WL 4162671, at *5 (M.D. Tenn. June 23, 2023), *report and recommendation adopted*, 2023 WL 4568775 (M.D. Tenn. July 14, 2023), *and objections overruled*, 2024 WL 915554 (M.D. Tenn. Mar. 4, 2024). Under similar facts, the *Spencer* court flatly rejected the defendant's immunity argument in a § 6851 case, concluding that the "[d]efendant's alleged wrongful conduct [fell] well outside the scope of Section 230's protection." 2023 WL 4162671, at *5.

From § 230(c)'s text, it is not apparent that it would apply to a § 6851(b) claim. And before the Court is willing to say that it does, the parties will need to take deeper dives into that text. They will also need to address how § 230(c) could provide immunity for the very conduct Congress addressed when creating civil liability under § 6851(b)—sending intimate images without consent using means of interstate or foreign commerce like the internet. *See United*

6

*States v. Shah*, 95 F.4th 328, 358 (5th Cir. 2024) (noting court's "caselaw is clear" that using internet is means or facility of interstate commerce).[1]

    4.    Whether Section 6851 Was Effective When McLendon Distributed the Video

McLendon argues that Doe failed to sufficiently plead "time or place" as Rule 9(f) requires. McLendon Reply [25] at 6. As a result, he believes there is no way to tell whether his alleged conduct occurred after § 6851 took effect on October 1, 2022. *Id.*; *see also* McLendon Mem. [14] at 15–16. But Williams allegedly created the video in November 2022. Compl. [1] ¶ 8. So McLendon's alleged conduct necessarily occurred after October 2022.

    5.    Whether the Court Should Exercise Supplemental Jurisdiction

McLendon urges the Court to decline supplemental jurisdiction over Doe's state-law claims after dismissing her federal claim. *Id.* at 16–17. That argument is now moot.

    6.    Whether Doe Failed to Plead Facts as to State and Federal Claims

McLendon more generally argues that "[a]ll claims stated in the complaint are nothing more than blanket recitations of statutory or common law elements." McLendon Reply [25] at 8. Specifically, he believes "there is no allegation as to how, when, where, to whom or upon what platform it was that [he] supposedly distributed the offensive video." McLendon Mem. [14] at 4.

Doe goes well beyond the elements. She describes what was on the video and how it was made, Compl. [1] ¶¶ 9–10; states that she objected to its distributions, *id.* ¶¶ 10–11; alleges that it was distributed via email, *id.* ¶ 13; gives the dates that the video was made and when she learned

---

[1]Though Doe never mentions this, § 230(c)(1) is generally considered an affirmative defense. *See G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 566 (7th Cir. 2023); *Force v. Facebook, Inc.*, 934 F.3d 53, 57 (2d Cir. 2019). And an affirmative defense cannot support a Rule 12(b)(6) motion unless the facts supporting it are evident from the complaint itself. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020). Those facts are not evident here.

7

that it had been distributed, *id.* ¶¶ 8, 12; describes where it was distributed (the Mississippi Highway Patrol), *id.* ¶ 15; states that McLendon distributed it, *id.* ¶ 22; and claims that news of the distribution was wide enough to reach her ex-husband who told her "everyone was talking about it," *id.* ¶ 21.  In short, she provided "'enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587.

For these reasons, McLendon's motion [13] is denied.

B.     Defendant Williams

Williams says Doe's allegations are not true, that they lack sufficient facts to state a claim, that Doe is attempting to intimidate and harass Williams, and so on.  Williams Mem. [19], *passim*.  She cites no legal authority to support her arguments, and, as already noted, the Court must assume that Doe's pleaded facts are true and view them in the light most favorable to her. *Martin K. Eby Constr. Co.*, 369 F.3d at 467.  Even if Williams wanted to convert her motion to one for summary judgment, *see* Rule 12(d), she offered no record evidence to support her factual assertions as Rule 56(c) would require.  In any event, the Court's reasoning for denying McLendon's motion is even more true for Williams when assuming—as the rule requires—that she admitted emailing the intimate video over Doe's objections.  *See* Compl. [1] ¶¶ 11, 14.

C.     Plaintiff's Motion to Proceed Under Pseudonym

Jane Doe seeks permission to continue litigating this case under that pseudonym.[2] Defendants oppose the motion, arguing that Doe used her real name when she filed a complaint

---

[2]This motion is in an odd procedural posture because Doe first sought this relief in an ex parte motion [3] but then refiled it [20] after the Court instructed her to.  Defendants responded to the original motion but not the final, and Williams addressed the issue in the memorandum [19] she filed to support her own motion.  *See* L.U. Civ. R. 7(b)(3).  Regardless, all parties have been heard.

against Williams in state court seeking a temporary restraining order. *See* McLendon Resp. [15] at 2. McLendon attaches an exhibit [15-1] purporting to be a copy of the motion with Doe's name redacted.

Federal Rule of Civil Procedure 17(a)(1) requires that a civil action "be prosecuted in the name of the real party in interest," and under Rule 10(a), the complaint must "name all the parties." "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). But pseudonyms can be allowed when "prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy." *Id*.

The Court has examined the few § 6851 cases addressing this issue, and none denied the request to proceed under a pseudonym. Section 6851's very purpose is to protect against one's intimate matters being publicized, meaning that "revealing plaintiff's identity plainly will incur, and thus compound, the very harm [s]he already allegedly has suffered as a result of defendants' alleged disclosures." *Doe v. Willis*, No. 23-CV-2171, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023). *Accord Doe v. McCoy*, No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D. Ga. Feb. 28, 2024) (noting "VAWRA seeks to protect significant privacy interests"). And there is no evident public interest in knowing a § 6851 plaintiff's name. *Id*. at *9; *Willis*, 2023 WL 6907100, at *2.

Defendants cite no authority suggesting that these interests are nullified by a single state-court filing in a plaintiff's real name. Still, their argument would have some logical appeal if, as they say, "[t]he proverbial 'cat' is already 'out of the bag.'" McLendon Resp. [15] at 1. But we don't know that to be true. Defendants offer no evidence suggesting that Doe's identity has been

publicly linked to this dispute. The Court also lacks information explaining why Doe's state-court attorneys (who don't represent her here) filed the petition under her real name or whether they made any efforts to protect her identity after that. Perhaps they sought leave to file anonymously and were denied. Perhaps it was filed under seal. Such facts could speak to the suggested waiver.

In any event, if Doe has been fortunate enough to avoid wide public notice thus far, then there is no reason to disturb that situation. The Court will therefore grant Doe's motion, for now. Depending on how the case proceeds, it may be necessary to revisit the issue.

IV.     Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not change the outcome. The Court denies both McLendon's motion to dismiss [13] and Williams's motion to dismiss [18]. Doe's motion for leave to proceed under a pseudonym [20] is granted; her earlier motion [3] is moot.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2024.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE