**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JANE DOE** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:24-CV-165-DPJ-ASH**

**IVANA WILLIAMS,**
**BRAD MCLENDON AND JOHN AND JANE DOES 1-30** **DEFENDANTS**

**V.**

**IVANA WILLIAMS** **COUNTERPLAINTIFF**

**DEFENDANT BRAD MCLENDON'S AFFIMATIVE DEFENSES AND ANSWER TO COMPLAINT**

Defendant Brad McLendon, by and through legal counsel, pursuant to Fed. R. Civ. P. 7(a), hereby files his answer to that complaint filed herein by Jane Doe and served upon him, and denying any and all liability, asserts and claims certain affirmative defenses, and denies certain allegations stated in the complaint while admitting others, more particularly, paragraph by paragraph, as follows:

AFFIRMATIVE DEFENSES

1. Jane Doe assumed the risk of intimate images of her being disclosed to others by becoming inebriated and voluntarily disrobing and then engaging in intimate sexual conduct while knowing that she was then and there being filmed/recorded.
2. Jane Doe's actions described in the complaint and to be further developed constitute contributory negligence and/or comparative negligence.
3. Brad McLendon is immune from liability, pursuant to U.S.C. §

47 U.S.C. § 230 ( c ) if a reasonable person in the position of McLendon, at the time of the alleged publication, would conclude that the information was provided to him for publication on the internet or other interactive computer service.

4. In some paragraphs of the complaint, Plaintiff fails to state a claim upon which relief can be granted.

5. Plaintiff failed to file some of her claim(s) within the applicable statute of limitations.

6. Defendant McClendon did not transmit any intimate visual depiction of Plaintiff Doe through interstate commerce.

7. Any and all allegations contained in the complaint, not specifically admitted by Defendant McLendon herein, are hereby denied.

8. Any injuries or damages suffered by the Plaintiff were proximately caused by or aggravated by others over which Defendant McLendon had no authority or control, and/or were the result of superseding intervening events and causation.

9. There are certain indispensable required parties who must be joined herein in order for the court to afford complete relief among the existing parties, and if such persons or entities cannot be joined, then equity requires that this cause be dismissed as to Defendant McLendon. In paragraph 17. of her complaint, Plaintiff refers to some "other trooper" that the subject video was allegedly sent to by co-defendant Williams; that person should be identified by Plaintiff and joined herein. Also, Plaintiff verily believes, as indicated by the style of her complaint, that there are some thirty (30) other defendants who should be joined herein. All of those "other" potential defendants referred to by the Plaintiff may be primarily

responsible for Plaintiff's alleged damages, as opposed to Defendant McLendon, thereby constituting intervening superseding causes of injury.

10. Plaintiff comes to the court with unclean hands and should be barred from recovery.

11. Plaintiff had a duty to mitigate her damages, but failed to do so.

12. Plaintiff's claim for punitive damages against Defendant, if any, is in violation of and barred by the Constitution of the United States and the Constitution of the State of Mississippi, including, but not limited to, the due process and equal protection clauses contained in the Fifth and Fourteenth Amendments of the United States Constitution, and Article 3, Section 14 of the Constitution of the State of Mississippi; the Commerce Clause of Article 1, Section 8 of the United States Constitution; the Supremacy Clause of Article VI of the United States Constitution and the Excessive Fines Clause of the Eighth Amendment of the United States Constitution as applied to the States by the Fourteenth Amendment to the United States Constitution. Plaintiff's claim for punitive damages, if any, cannot be sustained under M.C. A. 11-1-65 (1972) as amended.

13. Defendant affirmatively pleads the provisions of M.C.A. Section 11-1-69 (1972) as amended, prohibiting hedonic damages.

14. Defendant, while denying the allegations against him, affirmatively pleads the protections of M.C.A. Section 85-5-7 (1972) as amended. If found to be negligent or otherwise at fault, then such Defendant is entitled to have Plaintiffs' damages reduced pursuant to Miss. Code Ann. Sec. 85-5-7 in proportion to the pro rata share of Plaintiffs' own fault and/or the fault of others.

**AND NOW, Defendant Brad McLendon responds to the complaint, paragraph by paragraph, to wit:**

ANSWER

I. PARTIES

1. Plaintiff's residence location is admitted.

2. Defendant William's residence location is admitted.

3. Defendant McLendon's residence location is admitted.

4. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

II. Jurisdiction and Venue

5. Subject matter jurisdiction is denied for those reasons stated in this Defendant's motion to dismiss that has been denied by the court.

6. Personal jurisdiction is admitted.

7. Proper venue is admitted.

III. Facts

8. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

9. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

10. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

11. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

12. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

13. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

14. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

15. Defendant neither admits nor denies that Plaintiff listened to Defendant Williams in a "state of shock"; based upon information and belief, Defendant denies that Plaintiff's encounter with Williams was "non-consensual"; Defendant McLendon denies that he worked at the Mississippi Highway Patrol while the "video" was allegedly being passed around the Mississippi Highway Patrol.

16. Defendant lacks sufficient knowledge to either admit or deny what Plaintiff thought or what Defendant Williams admitted.

17. Denied. Defendant McLendon did not distribute or transmit the subject video to anyone.

18. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

19. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

20. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

21. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied. It is denied that Plaintiff rarely leaves home.

22. Denied. Defendant McLendon's actions have not changed Plaintiff's life. Defendant McLendon did not distribute the subject video.

## IV. CAUSES OF ACTION

COUNT ONE: 15 U.S.C. §6851(b)

23. Denied as to re-alleged allegations.

24. Denied.

25. Denied.

26. Denied.

27. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

28. Denied.

29. Denied.

COUNT TWO: Intentional Infliction of Emotional Distress

30. Re-alleged allegations Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

COUNT THREE: Invasion of Privacy

35. Re-alleged allegations Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

COUNT FOUR: Defamation

40. Re-alleged allegations Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

COUNT FIVE: Negligent Infliction of Emotional Distress

45. Re-alleged allegations Denied.

46. Denied.

47. Denied.

48. Denied.

FOURTH COUNT: Civil Battery

49. Re-alleged allegations Denied.

50. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

51. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

FIFTH COUNT: Civil Assault

52. Re-alleged allegations Denied.

53. Denied.

54. Denied.

SIXTH COUNT: Miss. Code §97-29-63

55. Re-alleged allegations Denied.

56. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

57. This paragraph does not pertain to Defendant McLendon. If Defendant McLendon is mistaken regarding whether this paragraph pertains to him, then the allegation is denied.

SEVENTH COUNT: Civil Conspiracy

58. Re-alleged allegations Denied.

59. Denied.

60. Denied.

61. Denied.

EIGHTH COUNT: Gross Negligence

62. Re-alleged allegations Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

NINTH COUNT: Fraudulent Concealment

68. Re-alleged allegations Denied.

69. This is a statement of law, not a factual allegation; it is neither admitted nor denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

RELIEF SOUGHT / DAMAGES

76. Denied.

Un-Numbered Paragraph

Denied. Plaintiff is not entitled to any judgment or other relief from Defendant Brad McLendon.

Respectfully submitted,

This 01 day of June, 2024.

Brad McLendon

BY: /s/ *James L. Kelly* Miss. Bar No. 3557
Attorney for Brad McLendon

Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552
Email: jimkelly@rankinlawyer.com

**CERTIFICATE OF SERVICE**

I certify that on June 01, 2024, this Answer to Complaint and Affirmative Defenses was electronically filed with the clerk of the court, using the CM/ECF system, which is to send copy and notification of such filing to all counsel of record.

*s/ James L. Kelly*